UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

United States of America

**MEMORANDUM & ORDER**

19-cr-608 (ERK)

– against –

Christopher Marrero

Defendant.

KORMAN, *J.*:

Defendant Christopher Marrero has been charged with one count of failure to update his registration as a sex offender in violation of 18 U.S.C. § 2250(a).  He moves to dismiss the indictment on the ground that his duty to register had expired by the time of his change of residence.

For purposes of resolving the motion, I assume the following facts to be true.  *United States v. Velastegui*, 199 F.3d 590, 592 n.2 (2d Cir. 1999).  On September 20, 2000, Defendant had sexual intercourse with a thirteen-year-old while he was nineteen.[1]  On November 12, 2000, Defendant was arrested for second-degree rape in violation of New York Penal Law § 130.30.  At that time, § 130.30 criminalized sexual intercourse by a person eighteen years or older with another person under fourteen years old.  Effective February 1, 2001, § 130.30 was expanded to criminalize intercourse between those eighteen years or older with another person under the age of fifteen.  *See* 2000 N.Y. Sess. Laws S. 8238, A. 11538, §§ 33, 57 (McKinney).  Defendant pled guilty on March

---

[1]     The parties appear to dispute whether Defendant and the victim had sexual intercourse or whether he only attempted to do so.  In resolving this motion, I credit the U.S. Attorney's version of events and note that Defendant does not argue that the analysis turns on this distinction.

12, 2001 and was sentenced to one year of imprisonment and five years of probation.  In May 2018, Defendant moved from Florida to New York and did not update his registration as a sex offender.

Under the Sex Offender Registration and Notification Act ("SORNA"), sex offenders are required to register (and keep their registration current) for a period of time after their conviction. 34 U.S.C. § 20913(c).  The amount of time a sex offender must register varies according to the offense of conviction.  A "tier I" offender must register for fifteen years, a "tier II" offender must register for twenty-five years, and a "tier III" offender must register for life.  34 U.S.C. § 20915(a). The parties disagree whether Defendant qualifies as a tier I or tier II offender, and that issue is dispositive.  If Defendant is a tier I offender, he was not obliged to register as a sex offender in 2018, which was more than fifteen years after his conviction.  If Defendant qualifies as a tier II offender, however, then he failed to register as a sex offender despite an ongoing obligation to do so.

A person is a tier I sex offender if he is a sex offender "other than a tier II or tier III sex offender." 34 U.S.C. § 20911(2).  As relevant here, a person qualifies as a tier II sex offender if his "offense" of conviction is (1) "comparable to or more severe than . . . abusive sexual contact (as described in section 2244 of title 18)," (2) punishable by imprisonment for more than one year, and (3) is "committed against a minor."  *Id.* § 20911(3).  Section 2244(a), in turn, incorporates several other sex offenses, among them a violation of 18 U.S.C. § 2243(a), which the parties agree is the relevant potential offense.  That provision makes it a crime when a person "knowingly engages in a sexual act with another person who—(1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging."

In determining whether New York Penal Law § 130.30 is "comparable to or more severe

than" the crime defined by 18 U.S.C. § 2243(a), I apply the categorical approach. Although the Second Circuit has not yet addressed this question, every Court of Appeals to do so has held that the categorical approach applies to determine a sex offender's "tier," given SORNA's instruction to compare the relevant "offenses." *See United States v. Walker*, 931 F.3d 576, 579 (7th Cir. 2019) (Barrett, *J.*); *United States v. Escalante*, 933 F.3d 395, 398 (5th Cir. 2019); *United States v. Barcus*, 892 F.3d 228, 232 (6th Cir. 2018); *United States v. Berry*, 814 F.3d 192, 197 (4th Cir. 2016); *United States v. Morales*, 801 F.3d 1, 5–6 (1st Cir. 2015); *United States v. Alexander*, 802 F.3d 1134, 1136 (10th Cir. 2015); *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1133 (9th Cir. 2014); *see also Nijhawan v. Holder*, 557 U.S. 29, 36–37 (2009) (indicating that the categorical approach applies when a statute references "an 'offense described in' a particular section of the Federal Criminal Code"). Under the categorical approach, "the focus is on the intrinsic nature of the offense rather than on the factual circumstances surrounding any particular violation." *Ottey v. Barr*, 965 F.3d 84, 94 (2d Cir. 2020) (internal quotation omitted). Thus, "if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count . . . even if the defendant actually committed the offense in its generic form." *Descamps v. United States*, 570 U.S. 254, 261 (2013).[2]

Defendant argues that the statute he was convicted of was broader than, and therefore not a categorical match for, the generic federal offense of abusive sexual contact. In particular, at the time he pled guilty in March 2001, New York Penal Law § 130.30 criminalized sexual intercourse

---

[2]     I need not analyze whether I can depart from the categorical approach in determining whether the victim of the sex offense was a minor, *see* 34 U.S.C. § 20911(3)(A), because the statute under which Defendant was convicted applied only to a sex offense against a minor and therefore satisfies this element even under the categorical approach. *See Walker*, 931 F.3d at 580 (concluding that a "hybrid" approach applies such that a court can consider the victim's actual age to determine if she was a minor at the time of the crime). In any event, Defendant agrees that "a court may examine a defendant's underlying conduct to resolve . . . that the victim of the sex offense was a minor[.]" Reply 5, ECF No. 28.

between a person eighteen years or older and a person under the age of fifteen, but the relevant generic offense requires an age difference of at least four years.  *See* 18 U.S.C. § 2243(a)(2). Because the New York law could be violated without that four-year age gap—as between someone slightly past his eighteenth birthday and slightly before her fifteenth birthday—Defendant argues that there is no categorical match.  The statute on the date of Defendant's crime, by contrast, could only be violated by an adult at least four years older than the victim and is therefore a categorical match for the generic offense.

I agree with the U.S. Attorney that the relevant version of the New York statute is the one in effect on the date of Defendant's crime, not the date on which his conviction became final. Determining the elements of the New York statute at the time of Defendant's conviction is a matter of state law.  *See, e.g.*, *Matthews v. Barr*, 927 F.3d 606, 622 n.11 (2d Cir. 2019); *Barcus*, 892 F.3d at 232–33; *United States v. London*, 2019 WL 6910063, at *3 n.6 (W.D. Pa. Dec. 19, 2019) (consulting state law to determine the effective date of an amended statute when applying the categorical approach).  As an initial matter, this is not a case in which the modified categorical approach applies, under which courts may consider "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).  The Supreme Court has explained that the modified categorical approach "serves—and serves solely—as a tool to identify the elements of the crime of conviction when a statute's disjunctive phrasing renders one (or more) of them opaque."  *Id.* at 2253.  No party argues that, in determining whether Defendant was convicted of the older or newer version of the statute, § 130.30 is divisible in this sense.  In any event, the parties have informed me that no *Shepard* documents are available to clarify which version of the statute applied to Defendant's conviction.  ECF No.

27; *see Shepard v. United States*, 544 U.S. 13 (2005). Thus, I must consult New York case law to determine the elements of the crime Defendant pled guilty to.

The New York Court of Appeals has held that when, during the pendency of a prosecution, a penal law is amended to criminalize additional conduct, the prosecution will proceed "under the older more lenient statute." *People v. Behlog*, 74 N.Y.2d 237, 241 (1989). That rule—a construction of New York's "savings clauses"—displaced New York common law, which held that "when a statute was amended or repealed, all prosecutions under the old version of the statute—regardless of whether the new version was more or less stringent—were abated." *Id.* at 240–41 (citing N.Y. Gen. Constr. Law §§ 93, 94). Thus, a prosecution can proceed only under the older statute, even if the amendment did not bear on a particular defendant's case, because such prosecutions would not have been permitted at common law and could continue only based on the savings clauses. *Id.*; *see People v. Oliver*, 1 N.Y.2d 152, 158 (1956). As Judge Fuld explained, writing for the Court of Appeals, this "rule recognizes that people guide their affairs in the light of existing laws and that it would be unfair to defeat the expectations, rights and liabilities arising under those laws by subsequent retroactive changes." *Oliver*, 1 N.Y.2d at 158. Thus, under New York law, the statute Defendant was convicted of is the statute in effect on the date of his crime.

One exception to this rule is that a criminal defendant in a pending case will receive the benefit of an "ameliorative" amendment—one which *reduces* the liability he faces—because the Legislature has decided "that the lesser penalty sufficiently serves the legitimate demands of the criminal law." *Behlog*, 74 N.Y.2d at 240; *see Oliver*, 1 N.Y.2d at 158. Here, there is no question that the 2001 amendment to Penal Law § 130.30 was not ameliorative. It expanded liability by criminalizing sexual intercourse with a minor under the age of fifteen, as compared with the prior version of the law that applied only to those under the age of fourteen. Defendant's argument that

the amendment is ameliorative because it reduces his liability under SORNA is unpersuasive. SORNA had not yet been enacted at the time Defendant was prosecuted, and although the Supreme Court has upheld SORNA's retroactivity, it is too great a leap to say that the New York Legislature intended to reduce the consequences of a not-yet-enacted federal law.  *See Gundy v. United States*, 139 S. Ct. 2116 (2019).  Indeed, in *Behlog*, the Court of Appeals construed the statute at issue as ameliorative because it reduced the available penalties under state law, and consulted legislative history to confirm that purpose.  74 N.Y.2d at 241.  Here, on the other hand, the legislative history indicates that the amendment "increases penalties against sex offenders, enhances sexual assault victim services, and closes existing loopholes related to sex crime prosecution."  New York Bill Jacket, 2000 S.B. 8238.

Defendant relies on *McNeill v. United States*, 563 U.S. 816 (2011), but that case does not resolve this one.  There, the Supreme Court considered the circumstances in which a state conviction is a proper predicate under the Armed Career Criminal Act ("ACCA").  The Court held that whether a "previous conviction" for a state crime carried a "maximum term of imprisonment of ten years or more," and thus triggered ACCA, is determined based on "the law that applied at the time of that conviction."  *Id.* at 820.  It was therefore irrelevant if a state amended the statute after the defendant's conviction, because the statute's reference to a "previous conviction" asked a "backward-looking question."  *Id.*  The Court also reasoned that it would be "absurd" to construe the law to treat differently "two defendants who violated" federal law "on the same day and who had identical criminal histories—down to the dates on which they committed and were sentenced for their prior offenses," except that one was sentenced after a change in state law. *Id.* at 822–23. Although *McNeill* held that post-conviction changes in state law do not affect a federal defendant's ACCA liability, that does not tell us under which version of § 130.30 Defendant was convicted.

Absent any contrary indication in SORNA, there is nothing absurd about applying the law as it existed on the date Defendant committed the state crime.  Defendant's position, on the other hand, would treat differently two people who committed the same crime on the same date, so long as one was sentenced before a change in state law and one was sentenced after.

Thus, Defendant's conviction is a categorical match for the generic federal offense of abusive sexual contact.  He therefore would qualify as a tier II sex offender required to register for 25 years.  The indictment accordingly states an offense based on Defendant's failure to update his registration, and his motion to dismiss is denied.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York                                Edward R. Korman
November 12, 2020                               United States District Judge